# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

DECARLO TERRELL MITCHELL,    )
                             )
         Petitioner,    )
                             )
v.                           )   Case No. CIV-09-1064-HE
                             )
MIKE MULLIN, Warden,         )
                             )
         Respondent.    )

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner DeCarlo Terrell Mitchell, challenges his state court conviction and sentence in Case No. CF-2001-4533, District Court of Oklahoma County, State of Oklahoma. Respondent has not addressed the merits of the Petition. Rather, Respondent has moved for dismissal (*see* Doc. ##7-8), contending the Petition is time-barred by the applicable statute of limitations, 28 U.S.C. §2244(d). Petitioner has responded to the Motion to Dismiss (*see* Doc. #10). The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## I. Background

On August 8, 2002, Petitioner pled guilty to and was convicted of First Degree Rape. Petition [Doc. #1] at 1; Motion to Dismiss, Exhibit 1 (Docket Sheet, Case No. CF-2001-4533) at 3. On August 23, 2002, Petitioner was sentenced to twenty-five years' imprisonment with all but the first fifteen years suspended. *See* Docket Sheet at 4. Petitioner

did not file a direct appeal. He did, however, file four applications for post-conviction relief, the first of which was filed on March 24, 2003. *Id.* at 5. The Oklahoma County District Court denied the application on November 6, 2003. *Id.* at 6. Petitioner appealed the denial of post-conviction relief, and the OCCA affirmed on February 17, 2004. *Id.* Petitioner filed his second application for post-conviction relief on February 7, 2006. *Id.* at 7. Subsequently, Petitioner filed a third and fourth application for post-conviction relief, one in September 2007, and one in November 2008. *Id*. at 8-9; *see also* Motion to Dismiss, Exhibits 2 – 3.

## II.     Grounds for Relief

Petitioner contends that his plea was neither knowingly nor voluntarily entered because he was not informed that he would have to serve 85% of his sentence before being eligible for parole; that he is actually and factually innocent of the crime charged; that the evidence against him is insufficient to sustain the conviction and support the guilty plea; that his counsel was ineffective in failing to investigate before advising him to enter a plea of guilty and in failing to inform him of the elements required to obtain a conviction; that the State withheld exculpatory evidence; and that the State violated the Rules of Criminal Procedure in accepting the plea under the State and Federal Procedural guidelines. Petition at 4.

**III.    Analysis**

A state prisoner's right to file an application for writ of habeas corpus in federal court is subject to a one-year limitation period. *See* 28 U.S.C. § 2244(d). The period begins to run from "the latest of" four dates. Respondent has addressed two of the triggering dates: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," *see* 28 U.S.C. § 2244(d)(1)(A), and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *see id.*, § 2244(d)(1)(D).

**A.    Application of § 2244(d)(1)(A)**

Petitioner did not file a motion to withdraw his guilty plea and, therefore, his conviction became final on September 2, 2002, ten days after the entry of the judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18 (requiring defendant to file an application to withdraw guilty plea within ten days of the judgment and sentence in order to commence an appeal from any conviction on a plea of guilty). Under the provisions of § 2244(d)(1)(A), Petitioner had one year from September 2, 2002, to file a federal habeas petition. Absent statutory or equitable tolling, Petitioner's limitation period would have expired on September 2, 2003.

The statutory limitation period may be tolled by a properly filed application for State post-conviction relief:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

3

28 U.S.C. § 2244(d)(2). Petitioner first sought post-conviction relief on March 24, 2003. Docket Sheet at 5. The trial court denied the application on November 6, 2003. The OCCA dismissed Petitioner's appeal on February 17, 2004. *Id.* at 6. While his application for post-conviction relief and the appeal were pending, Petitioner's limitation period was tolled for 330 days, and his limitation period expired on July 28, 2004.

Petitioner did not file his second application for post-conviction relief until February 2, 2006. *Id.* at 7. By then, the limitation period had already expired. A collateral petition filed in state court after the one-year limitations period has expired no longer serves to toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Thus, none of Petitioner's subsequent post-conviction proceedings served to toll the limitations period. The instant habeas petition, filed on September 28, 2009, was not filed within the one-year limitation period and is therefore untimely and subject to dismissal under 28 U.S.C. § 2244(d)(1)(A).

### B. Application of 28 U.S.C. § 2244(d)(1)(D)

In his habeas petition, Petitioner alludes to "newly discovered evidence" and states:

> [T]he "newly discovered evidence" that the State and Petitioner's Counsel failed to disclose to the petitioner the DNA and/or serologist test results of the evidence submitted for testing, was obtained from the State on May 7, 2009[,] by letter from Scott Rowland First Assist, DA, stating the district attorney's office does not contain any results of laboratory testing and a letter from Petitioner's Counsel on April 10, 2009[,] stating she do [sic] not recall having a DNA report on this case.

4

Petition at 7.[1] In his response to Respondent's Motion to Dismiss, Petitioner states that his statutory year should run "from the date on which the factual predicate of his claims could have been first discovered through the exercise of due diligence." Petitioner's Response at 2. Petitioner characterizes the "factual predicate" as the State's having withheld "valuable exculpatory evidence." *Id.* But the district attorney's response to Petitioner's inquiry regarding test results, as well as Petitioner's own argument, indicates that no such test results ever existed. Petitioner contends that the "exculpatory evidence" allegedly withheld by the State is that there were "no test results on the evidence to prove a crime was committed or that [Petitioner] committed the crime[.]" *Id.* According to Petitioner, the State, as well as his appointed counsel, withheld this information from him because they knew "he would not have entered a plea of guilty to this crime" if he had known that no scientific testing had been conducted on the evidence removed from the scene of the crime. *Id.* Assuming that the State's failure to disclose the absence of scientific evidence could somehow form the basis of a *Brady* claim, Petitioner has failed to explain why he waited seven years to inquire about the existence, or non-existence, of such evidence. Petitioner could have discovered the "factual predicate" of this claim, through the exercise of due diligence, at any time during

---

[1] In his response, Petitioner characterizes this claim as a violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). *See* Petitioner's Response at 3.

the one-year limitation period, or even before he entered his guilty plea. Accordingly, under the alternative triggering date of § 2244(d)(1)(D), Petitioner's instant petition is untimely.

### C. Equitable Tolling

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).[2]

In objecting to Respondent's Motion, Petitioner asserts that he is "actually and factually innocent" and that he "should not be subjected to any procedural bar." Petitioner's Response at 3. Respondent contends that equitable tolling is not applicable to this case because Petitioner has not diligently pursued his federal claims. Petitioner's claim of actual

---

[2]The Supreme Court has not specifically decided whether equitable tolling applies to time limits for filing federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, 549 U.S. 327 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), requiring a petitioner to show that he has been pursuing his rights diligently and that some extraordinary circumstances prevented him from making a timely filing. *Lawrence*, 544 U.S. at 336.

6

innocence is too vague and conclusory to support equitable tolling. *Compare Clemens v. Sutter*, 230 Fed. Appx. 832, 834-835 (10th Cir. May 2, 2007) (unpublished op.) (petitioner's habeas challenge to conviction pursuant to guilty plea was untimely, and allegations of actual innocence were insufficient where petitioner did not identify new reliable evidence affirmatively demonstrating his innocence) (*citing Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Moreover, Respondent's contention that Plaintiff has failed to diligently pursue his federal claims is well-taken. Under the facts presented, therefore, equitable tolling of the limitations period is unwarranted.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ##7-8] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections, and a party may respond to another party's objections within 14 days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2). Any objections and responses must be filed with the Clerk of the District Court. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this  22nd  day of December, 2009.

*/s/ Valerie K. Couch*
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE